NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-5100-14T4

JAMES HUGHES,

 Plaintiff-Appellant,

v.

TOWN OF WESTFIELD PLANNING
BOARD and THE STOP AND SHOP
SUPERMARKET COMPANY, LLC,
A Delaware Limited Liability
Company,

 Defendants-Respondents.

 Argued May 16, 2017 – Decided June 30, 2017

 Before Judges Reisner, Koblitz and Mayer.

 On appeal from the Superior Court of New
 Jersey, Law Division, Union County, Docket No.
 L-0785-14.

 Ronald S. Gasiorowski argued the cause for
 appellant (Gasiorowski & Holobinko,
 attorneys; Mr. Gasiorowski, on the briefs).

 Howard D. Geneslaw argued the cause for
 respondent The Stop & Shop Supermarket Company
 LLC (Gibbons P.C., attorneys; Mr. Geneslaw,
 of counsel; Mr. Geneslaw and Jennifer Phillips
 Smith, on the brief).
 Russell M. Finestein argued the cause for
 respondent Town of Westfield Planning Board
 (Finestein & Malloy LLC, attorneys; Michael
 D. Malloy, of counsel; Mr. Malloy and Corrine
 Tighe, on the brief).

PER CURIAM

 Plaintiff James Hughes appeals from a June 9, 2015 order,

corrected and amended on July 21, 2015, dismissing his complaint

in lieu of prerogative writs against defendants Town of Westfield

Planning Board (Board) and Stop & Shop Supermarket Company, L.L.C.

(Stop & Shop).

 The appeal concerns the Board's approval of Stop & Shop's

land use application in connection with a planned renovation and

expansion of an existing supermarket in Westfield.1 Hughes is

admittedly acting as a strawman for a commercial competitor,

Village Supermarkets, Inc., which operates a supermarket in nearby

Garwood and which is funding this litigation. Both sides presented

expert witnesses before the Board, and more than a dozen members

of the public presented comments in support of the application.

After fourteen days of hearings, the Board approved the application

1
 The supermarket was a permitted use, but the expansion plans
required variances with respect to signage, parking, setbacks, and
other issues. Due to the topography of neighboring properties,
which sloped upward, several residential buildings were
considerably higher in elevation than the supermarket. As a
result, the applicant also sought a variance to build a twenty-
foot sound wall to protect its neighbors against noise from the
expanded supermarket.

 2 A-5100-14T4
in a seventy-six page Amended and Restated Resolution.

Significantly, on the issues of planning, parking and noise, the

Board credited the applicant's expert witnesses instead of

plaintiff's experts.

 On this appeal, plaintiff presents the following points of

argument:

 POINT ONE

 THE TRIAL COURT ERRED IN NOT FINDING THAT
 THE APPLICANT ERRONEOUSLY CALCULATED THE
 PARKING SPACE DEFICIENCY AND THE BOARD
 IMPROPERLY ACCEPTED AND APPROVED THE
 PROJECT WITH THE MISREPRESENTED PARKING
 DEFICIENCY.

 POINT TWO

 THE BOARD'S FAILURE TO REQUIRE COMPLIANCE
 WITH THE STATE NOISE CODE AND WESTFIELD
 NOISE REGULATIONS AS TO ADJACENT
 PROPERTIES, PARTICULARLY THE ADJACENT
 COMMERCIAL OFFICE SITE WARRANTS
 REVERSAL.

 POINT THREE

 THE APPROVAL OF THIS SUPERMARKET
 EXPANSION --- REQUIRING SUBSTANTIAL
 VARIANCES FOR DEFICIENT PARKING, A 20'
 HIGH WALL WITHOUT SETBACKS, AND UNSAFE
 TRUCK/PEDESTRIAN ACCESS --- IMPROPERLY
 ALLOWS THE OVERUTILIZATION OF A
 DEFICIENTLY SIZED SITE, AND IS ARBITRARY,
 CAPRICIOUS AND UNREASONABLE.

 1. The Resolution is not adequate
 as a matter of law.

 2. There was insufficient evidence

 3 A-5100-14T4
 in the record to support the
 requested relief.

 Plaintiff previously presented those contentions to

Assignment Judge Karen M. Cassidy, who discussed them at length

and rejected them in a thorough written statement of reasons issued

on June 9, 2015. After reviewing the entire record, including the

transcripts of the Board hearings, we affirm for the reasons stated

by Judge Cassidy. We add only the following comments.

 Based on our review of the record, the Board's Amended and

Restated Resolution was sufficient, and its credibility

determinations are worthy of our usual deference. See Klug v.

Bridgewater Twp. Planning Bd., 407 N.J. Super. 1, 13 (App. Div.

2009). There is substantial credible evidence to support the

Board's findings, and its decision to grant the application was

not arbitrary or capricious. See Kramer v. Bor. of Sea Girt Bd.

of Adjustment, Sea Girt, 45 N.J. 268, 296 (1965); Klug, supra, 407

N.J. Super. at 13-14. Plaintiff's appellate arguments are largely

based on his experts' opinions, which the Board did not find

persuasive.

 Affirmed.

 4 A-5100-14T4